**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PASHION WILKINS,

         Plaintiff,

vs.

CAPITAL ONE FINANCIAL
CORPORATION, et al.,

         Defendants.

Case No. 1:24-cv-00335-RBW

## ANSWER TO COMPLAINT

Defendant Synchrony Bank ("Synchrony"), by and through the undersigned counsel, hereby submits this Answer and Affirmative Defenses in response to Plaintiff Pashion Wilkins' ("Plaintiff") Complaint, and avers as follows:

## PRELIMINARY STATEMENT

1. The allegations in Paragraph 1 consist of legal conclusions and therefore no response is required. To the extent any further response is required, Synchrony denies any allegations of wrongdoing and denies that it violated any provision of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et. seq. ("FCRA").

## PARTIES TO THIS ACTION

2. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and, therefore, denies the allegations.

3. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and, therefore, denies the allegations.

4. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and, therefore, denies the allegations.

5.      Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and, therefore, denies the allegations.

6.      Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and, therefore, denies the allegations.

7.      Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and, therefore, denies the allegations.

8.      Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and, therefore, denies the allegations.

9.      Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and, therefore, denies the allegations.

10.      Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and, therefore, denies the allegations.

11.      Answering Paragraph 11, Synchrony admits only that it is a federal savings association with its charter home office located at 170 Election Road, Draper, Utah.  As to the remaining allegations, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and, therefore, denies the allegations.

12.      Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and, therefore, denies the allegations.

13.      Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and, therefore, denies the allegations.

## FACTUAL ALLEGATIONS

### A.      Inaccurate Items on Plaintiff's Credit Reports

14.      Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and, therefore, denies the allegations.

15. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and, therefore, denies the allegations.

16. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and, therefore, denies the allegations.

17. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and, therefore, denies the allegations.

### i.     **Capital One Credit Cards**

18. The allegations of Paragraph 18 are directed to a party other than Synchrony, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and, therefore, Synchrony denies the allegations.

19. The allegations of Paragraph 19 are directed to a party other than Synchrony, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and, therefore, Synchrony denies the allegations.

20. The allegations of Paragraph 20 are directed to a party other than Synchrony, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and, therefore, Synchrony denies the allegations.

21. The allegations of Paragraph 21 are directed to a party other than Synchrony, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and, therefore, Synchrony denies the allegations.

22.     The allegations of Paragraph 22 are directed to a party other than Synchrony, and therefore no response is required.  To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and, therefore, Synchrony denies the allegations.

### ii.      I.C. System's Collection

23.     The allegations of Paragraph 23 are directed to a party other than Synchrony, and therefore no response is required.  To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and, therefore, Synchrony denies the allegations.

24.     The allegations of Paragraph 24 are directed to a party other than Synchrony, and therefore no response is required.  To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and, therefore, Synchrony denies the allegations.

25.     The allegations of Paragraph 25 are directed to a party other than Synchrony, and therefore no response is required.  To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and, therefore, Synchrony denies the allegations.

26.     The allegations of Paragraph 26 are directed to a party other than Synchrony, and therefore no response is required.  To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and, therefore, Synchrony denies the allegations.

27.     The allegations of Paragraph 27 are directed to a party other than Synchrony, and therefore no response is required.  To the extent a response is required, Synchrony lacks knowledge

or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and, therefore, Synchrony denies the allegations.

28. The allegations of Paragraph 28 are directed to a party other than Synchrony, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and, therefore, Synchrony denies the allegations.

### iii. JPMCB Credit Card

29. The allegations of Paragraph 29 are directed to a party other than Synchrony, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and, therefore, Synchrony denies the allegations.

30. The allegations of Paragraph 30 are directed to a party other than Synchrony, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and, therefore, Synchrony denies the allegations.

31. The allegations of Paragraph 31 are directed to a party other than Synchrony, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and, therefore, Synchrony denies the allegations.

### iv. UACC Auto Loan

32. The allegations of Paragraph 32 are directed to a party other than Synchrony, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and, therefore, Synchrony denies the allegations.

33.     The allegations of Paragraph 33 are directed to a party other than Synchrony, and therefore no response is required.  To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and, therefore, Synchrony denies the allegations.

34.     The allegations of Paragraph 34 are directed to a party other than Synchrony, and therefore no response is required.  To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and, therefore, Synchrony denies the allegations.

35.     The allegations of Paragraph 35 are directed to a party other than Synchrony, and therefore no response is required.  To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and, therefore, Synchrony denies the allegations.

### v.     Merrick Credit Card

36.     The allegations of Paragraph 36 are directed to a party other than Synchrony, and therefore no response is required.  To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and, therefore, Synchrony denies the allegations.

37.     The allegations of Paragraph 37 are directed to a party other than Synchrony, and therefore no response is required.  To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 and, therefore, Synchrony denies the allegations.

### vi.     Comenity Charge Cards

38.     The allegations of Paragraph 38 are directed to a party other than Synchrony, and therefore no response is required.  To the extent a response is required, Synchrony lacks knowledge

or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and, therefore, Synchrony denies the allegations.

39. The allegations of Paragraph 39 are directed to a party other than Synchrony, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 and, therefore, Synchrony denies the allegations.

40. The allegations of Paragraph 40 are directed to a party other than Synchrony, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 and, therefore, Synchrony denies the allegations.

41. The allegations of Paragraph 41 are directed to a party other than Synchrony, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 and, therefore, Synchrony denies the allegations.

42. The allegations of Paragraph 42 are directed to a party other than Synchrony, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and, therefore, Synchrony denies the allegations.

43. The allegations of Paragraph 43 are directed to a party other than Synchrony, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 and, therefore, Synchrony denies the allegations.

44.     The allegations of Paragraph 44 are directed to a party other than Synchrony, and therefore no response is required.  To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 and, therefore, Synchrony denies the allegations.

### vi.     MCM Collections

45.     The allegations of Paragraph 45 are directed to a party other than Synchrony, and therefore no response is required.  To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 and, therefore, Synchrony denies the allegations.

46.     The allegations of Paragraph 46 are directed to a party other than Synchrony, and therefore no response is required.  To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 and, therefore, Synchrony denies the allegations.

47.     The allegations of Paragraph 47 are directed to a party other than Synchrony, and therefore no response is required.  To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 and, therefore, Synchrony denies the allegations.

48.     The allegations of Paragraph 48 are directed to a party other than Synchrony, and therefore no response is required.  To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 and, therefore, Synchrony denies the allegations.

### vii.   <u>Santander Auto Loan</u>

49.     The allegations of Paragraph 49 are directed to a party other than Synchrony, and therefore no response is required.  To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 and, therefore, Synchrony denies the allegations.

50.     The allegations of Paragraph 50 are directed to a party other than Synchrony, and therefore no response is required.  To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 and, therefore, Synchrony denies the allegations.

51.     The allegations of Paragraph 51 are directed to a party other than Synchrony, and therefore no response is required.  To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 and, therefore, Synchrony denies the allegations.

### vii.   <u>SYNCB Charge Card</u>

52.     The allegations of Paragraph 52 are conclusions of law to which no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 and, therefore, Synchrony denies the allegations.

53.     The allegations of Paragraph 53 are conclusions of law to which no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 and, therefore, Synchrony denies the allegations.

54.     The allegations of Paragraph 54 are conclusions of law to which no response is required. To the extent a response is required, Synchrony lacks knowledge or information

sufficient to form a belief as to the truth of the allegations of Paragraph 54 and, therefore, Synchrony denies the allegations.

### viii. Illegal Credit Inquiries

55. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and, therefore, denies the allegations.

56. The allegations of Paragraph 56 are directed to a party other than Synchrony, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 and, therefore, Synchrony denies the allegations.

57. The allegations of Paragraph 57 are directed to a party other than Synchrony, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 and, therefore, Synchrony denies the allegations.

58. The allegations of Paragraph 58 are directed to a party other than Synchrony, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 and, therefore, Synchrony denies the allegations.

59. The allegations of Paragraph 59 are directed to a party other than Synchrony, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 and, therefore, Synchrony denies the allegations.

60. The allegations of Paragraph 60 are directed to a party other than Synchrony, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge

or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 and, therefore, Synchrony denies the allegations.

**B.      Plaintiff's Disputes of the Inaccurate Credit Items**

61.     Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and, therefore, denies the allegations.

62.     Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and, therefore, denies the allegations.

63.     Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, and, therefore, denies the allegations.

64.     Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and, therefore, denies the allegations.

65.     The allegations of Paragraph 65 are conclusions of law to which no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 and, therefore, Synchrony denies the allegations.

66.     The allegations of Paragraph 66 are conclusions of law to which no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 and, therefore, Synchrony denies the allegations.

67.     The allegations of Paragraph 67 are conclusions of law to which no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 and, therefore, Synchrony denies the allegations.

68.     The allegations of Paragraph 68 are conclusions of law to which no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 and, therefore, Synchrony denies the allegations.

69.     The allegations of Paragraph 68 are conclusions of law to which no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 and, therefore, Synchrony denies the allegations.

70.     The allegations of Paragraph 70 are conclusions of law to which no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 and, therefore, Synchrony denies the allegations.

71.     The allegations of Paragraph 71 are conclusions of law to which no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 and, therefore, Synchrony denies the allegations.

72.     The allegations of Paragraph 72 are conclusions of law to which no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 and, therefore, Synchrony denies the allegations.

73.     The allegations of Paragraph 73 are conclusions of law to which no response is required. To the extent a response is required, Synchrony lacks knowledge or information

sufficient to form a belief as to the truth of the allegations of Paragraph 73 and, therefore, Synchrony denies the allegations.

**COUNT ONE: VIOLATION(S) OF 15 U.S.C. § 1681e(a)**

74.    Synchrony repeats and incorporates its answers to Paragraphs 1 through 73 as though fully forth herein.

75.    The allegations of Paragraph 75 are conclusions of law to which no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 and, therefore, Synchrony denies the allegations.

76.    The allegations of Paragraph 76 are directed to a party other than Synchrony, and therefore no response is required.  Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 and, therefore, Synchrony denies the allegations.

77.    The allegations of Paragraph 77 are directed to a party other than Synchrony, and therefore no response is required.  Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 and, therefore, Synchrony denies the allegations.

78.    The allegations of Paragraph 78 are directed to a party other than Synchrony, and therefore no response is required.  Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 and, therefore, Synchrony denies the allegations.

79.     The allegations of Paragraph 79 are directed to a party other than Synchrony, and therefore no response is required.  Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 and, therefore, Synchrony denies the allegations.

80.     The allegations of Paragraph 80 are directed to a party other than Synchrony, and therefore no response is required.  Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 and, therefore, Synchrony denies the allegations.

81.     The allegations of Paragraph 81 are conclusions of law to which no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81 and, therefore, Synchrony denies the allegations.

82.     The allegations of Paragraph 82 are conclusions of law to which no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 and, therefore, Synchrony denies the allegations.

## COUNT TWO: VIOLATION(S) OF 15 U.S.C. & 1681e(b)

83.     Synchrony repeats and incorporates its answers to Paragraphs 1 through 73 as though fully forth herein.

84.     The allegations of Paragraph 84 are directed to a party other than Synchrony, and therefore no response is required.  Furthermore, the allegations are conclusions of law, and

therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 and, therefore, Synchrony denies the allegations.

85. The allegations of Paragraph 85 are directed to a party other than Synchrony, and therefore no response is required. Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 and, therefore, Synchrony denies the allegations.

86. The allegations of Paragraph 86 are directed to a party other than Synchrony, and therefore no response is required. Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 and, therefore, Synchrony denies the allegations.

87. The allegations of Paragraph 87 are directed to a party other than Synchrony, and therefore no response is required. Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 and, therefore, Synchrony denies the allegations.

88. The allegations of Paragraph 88 are directed to a party other than Synchrony, and therefore no response is required. Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 and, therefore, Synchrony denies the allegations.

89.    The allegations of Paragraph 89 are directed to a party other than Synchrony, and therefore no response is required.  Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 and, therefore, Synchrony denies the allegations.

90.    The allegations of Paragraph 90 are directed to a party other than Synchrony, and therefore no response is required.  Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 and, therefore, Synchrony denies the allegations.

91.    The allegations of Paragraph 91 are directed to a party other than Synchrony, and therefore no response is required.  Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 and, therefore, Synchrony denies the allegations.

92.    The allegations of Paragraph 92 are directed to a party other than Synchrony, and therefore no response is required.  Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 and, therefore, Synchrony denies the allegations.

## COUNT THREE: VIOLATION OF 15 U.S.C. 16812(a)

93. Synchrony repeats and incorporates its answers to Paragraphs 17 as though fully forth herein.

94. The allegations of Paragraph 94 are directed to a party other than Synchrony, and therefore no response is required. Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 and, therefore, Synchrony denies the allegations.

95. The allegations of Paragraph 95 are directed to a party other than Synchrony, and therefore no response is required. Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 and, therefore, Synchrony denies the allegations.

96. The allegations of Paragraph 96 are directed to a party other than Synchrony, and therefore no response is required. Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96 and, therefore, Synchrony denies the allegations.

97. The allegations of Paragraph 97 are directed to a party other than Synchrony, and therefore no response is required. Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97 and, therefore, Synchrony denies the allegations.

98.    The allegations of Paragraph 98 are directed to a party other than Synchrony, and therefore no response is required.  Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98 and, therefore, Synchrony denies the allegations.

## COUNT FOUR: VIOLATION OF 15 U.S.C. 1681i(a)

99.    Synchrony repeats and incorporates its answers to Paragraphs 1 through 73 as though fully forth herein.

100.    The allegations of Paragraph 100 are directed to a party other than Synchrony, and therefore no response is required.  Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 and, therefore, Synchrony denies the allegations.

101.    The allegations of Paragraph 101 are directed to a party other than Synchrony, and therefore no response is required.  Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 and, therefore, Synchrony denies the allegations.

102.    The allegations of Paragraph 102 are directed to a party other than Synchrony, and therefore no response is required.  Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 and, therefore, Synchrony denies the allegations.

103.    The allegations of Paragraph 103 are directed to a party other than Synchrony, and therefore no response is required.  Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103 and, therefore, Synchrony denies the allegations.

104.    The allegations of Paragraph 104 are directed to a party other than Synchrony, and therefore no response is required.  Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104 and, therefore, Synchrony denies the allegations.

105.    The allegations of Paragraph 105 are directed to a party other than Synchrony, and therefore no response is required.  Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 and, therefore, Synchrony denies the allegations.

106.    The allegations of Paragraph 106 are directed to a party other than Synchrony, and therefore no response is required.  Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106 and, therefore, Synchrony denies the allegations.

107.    The allegations of Paragraph 107 are directed to a party other than Synchrony, and therefore no response is required.  Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge

or information sufficient to form a belief as to the truth of the allegations of Paragraph 107 and, therefore, Synchrony denies the allegations.

108.    The allegations of Paragraph 108 are directed to a party other than Synchrony, and therefore no response is required.  Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 108 and, therefore, Synchrony denies the allegations.

### COUNT FIVE: VIOLATION(S) OF 15 U.S.C. 4 1681s-2(b)

109.    Synchrony repeats and incorporates its answers to Paragraphs 1 through 73 as though fully forth herein.

110.    The allegations of Paragraph 110 are conclusions of law to which no response is required. To the extent a response is required, Synchrony denies it violated FCRA, denies Plaintiff suffered any damages, and denies Plaintiff is entitled to any relief requested.

111.    The allegations of Paragraph 111 are conclusions of law to which no response is required. To the extent a response is required, Synchrony denies it violated FCRA, denies Plaintiff suffered any damages, and denies Plaintiff is entitled to any relief requested.

112.    The allegations of Paragraph 112 are conclusions of law to which no response is required. To the extent a response is required, Synchrony denies it violated FCRA, denies Plaintiff suffered any damages, and denies Plaintiff is entitled to any relief requested.

113.    The allegations of Paragraph 113 are conclusions of law to which no response is required. To the extent a response is required, Synchrony denies it violated FCRA, denies Plaintiff suffered any damages, and denies Plaintiff is entitled to any relief requested.

114.    The allegations of Paragraph 114 are conclusions of law to which no response is required. To the extent a response is required, Synchrony denies it violated FCRA, denies Plaintiff suffered any damages, and denies Plaintiff is entitled to any relief requested.

115.    The allegations of Paragraph 115 are conclusions of law to which no response is required. To the extent a response is required, Synchrony denies it violated FCRA, denies Plaintiff suffered any damages, and denies Plaintiff is entitled to any relief requested.

116.    The allegations of Paragraph 116 are conclusions of law to which no response is required. To the extent a response is required, Synchrony denies it violated FCRA, denies Plaintiff suffered any damages, and denies Plaintiff is entitled to any relief requested.

117.    The allegations of Paragraph 117 are conclusions of law to which no response is required. To the extent a response is required, Synchrony denies it violated FCRA, denies Plaintiff suffered any damages, and denies Plaintiff is entitled to any relief requested.

118.    The allegations of Paragraph 118 are conclusions of law to which no response is required. To the extent a response is required, Synchrony denies it violated FCRA, denies Plaintiff suffered any damages, and denies Plaintiff is entitled to any relief requested.

119.    The allegations of Paragraph 119 are conclusions of law to which no response is required. To the extent a response is required, Synchrony denies it violated FCRA, denies Plaintiff suffered any damages, and denies Plaintiff is entitled to any relief requested.

120.    The allegations of Paragraph 120 are conclusions of law to which no response is required. To the extent a response is required, Synchrony denies it violated FCRA, denies Plaintiff suffered any damages, and denies Plaintiff is entitled to any relief requested.

121.    The allegations of Paragraph 121 are conclusions of law to which no response is required. To the extent a response is required, Synchrony denies it violated FCRA, denies Plaintiff suffered any damages, and denies Plaintiff is entitled to any relief requested.

## COUNT SIX: VIOLATIONS OF FDCPA

122.    Synchrony repeats and incorporates its answers to Paragraphs 1 through 73 as though fully forth herein.

123.    The allegations of Paragraph 123 are directed to a party other than Synchrony, and therefore no response is required.  Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 123 and, therefore, Synchrony denies the allegations.

124.    The allegations of Paragraph 124 are directed to a party other than Synchrony, and therefore no response is required.  Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 124 and, therefore, Synchrony denies the allegations.

125.    The allegations of Paragraph 125 are directed to a party other than Synchrony, and therefore no response is required.  Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 125 and, therefore, Synchrony denies the allegations.

126.    The allegations of Paragraph 126 are directed to a party other than Synchrony, and therefore no response is required.  Furthermore, the allegations are conclusions of law, and therefore no response is required. To the extent a response is required, Synchrony lacks knowledge

or information sufficient to form a belief as to the truth of the allegations of Paragraph 126 and, therefore, Synchrony denies the allegations.

## COUNT SEVEN: DEFAMATION

127.    Synchrony repeats and incorporates its answers to Paragraphs 1 through 126 as though fully forth herein.

128.    The allegations of Paragraph 128 are conclusions of law to which no response is required. To the extent a response is required, Synchrony denies it violated FCRA, denies it engaged in any defamatory conduct, denies Plaintiff suffered any damages, and denies Plaintiff is entitled to any relief requested.

129.    The allegations of Paragraph 129 are conclusions of law to which no response is required. To the extent a response is required, Synchrony denies it violated FCRA, denies it engaged in any defamatory conduct, denies Plaintiff suffered any damages, and denies Plaintiff is entitled to any relief requested.

130.    The allegations of Paragraph 130 are conclusions of law to which no response is required. To the extent a response is required, Synchrony denies it violated FCRA, denies it engaged in any defamatory conduct, denies Plaintiff suffered any damages, and denies Plaintiff is entitled to any relief requested.

131.    The allegations of Paragraph 131 are conclusions of law to which no response is required. To the extent a response is required, Synchrony denies it violated FCRA, denies it engaged in any defamatory conduct, denies Plaintiff suffered any damages, and denies Plaintiff is entitled to any relief requested.

132.    The allegations of Paragraph 132 are conclusions of law to which no response is required. To the extent a response is required, Synchrony denies it violated FCRA, denies it

engaged in any defamatory conduct, denies Plaintiff suffered any damages, and denies Plaintiff is entitled to any relief requested.

## DEMAND FOR TRIAL BY JURY

133. The allegations of Paragraph 133 is a request for trial by jury to which no response is required. To the extent a response is required, Synchrony denies.

## SYNCHRONY'S DEFENSES

Synchrony incorporates its responses to Paragraphs 1 through 133 of its Answer herein by reference as though the same were set forth fully below, and hereby alleges the following separate and distinct defenses without conceding that it necessarily bears the burden of proof or persuasion.

### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff fails to state a claim against Synchrony upon which relief may be granted.

### SECOND DEFENSE
### (Statute of Limitations/Laches)

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations and/or the doctrine of laches.

### THIRD DEFENSE
### (Estoppel)

Plaintiff's claims may be barred in whole or in part by the doctrine of estoppel.

### FOURTH DEFENSE
### (Waiver)

Plaintiff's claims may be barred in whole or in part because Plaintiff has waived such claims.

## FIFTH DEFENSE
### (No Damages)

Plaintiff suffered no damages as a result of any conduct, of Synchrony, alleged in the Complaint and has failed to plead any recoverable damages in her complaint.

## SEVENTH DEFENSE
### (Bona Fide Error And/Or Innocent Mistake)

Although Synchrony denies any liability in this matter, it contends that any alleged acts or omissions giving rise to Plaintiff's claims are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by Synchrony.

## EIGHTH DEFENSE
### (Good Faith)

Synchrony acted in good faith and in accordance with reasonable commercial standards, thus precluding any recovery by Plaintiff against Synchrony.

## NINTH DEFENSE
### (Fault of Others)

To the extent that Plaintiff may have or will suffer any damages as alleged in the Complaint, which Synchrony continues to deny, such damages have been and will be proximately caused, in whole or in part, by the acts or omissions of persons or entities other than Synchrony, over whom Synchrony had no control, and for whose conduct Synchrony is not responsible, which bars or diminishes any recovery by Plaintiff against Synchrony.

## TENTH DEFENSE
### (Lack of Malice)

Synchrony specifically denies acting with any willfulness, oppression, fraud, or malice towards Plaintiff or others.

**ELEVENTH DEFENSE**
**(Compliance With Law)**

Synchrony met or exceeded the requirements of all applicable statutes, laws, regulations, and standards applicable to Synchrony.   Synchrony's compliance with the FCRA entitles Synchrony to each and every defense stated in the FCRA and any and all limitations of liability.

**TENTH DEFENSE**
**(No Willful Violation)**

To the extent that Plaintiff is unable to prove that Synchrony knowingly and intentionally committed an act in conscious disregard of Plaintiff's rights, Plaintiff cannot prevail on a claim of willful violation of the FCRA under 15 U.S.C. § 1681n.

**TWELFTH DEFENSE**
**(No Negligent Violation)**

To the extent that Plaintiff is unable to prove actual damages as a result of Synchrony's alleged violations of the FCRA, Plaintiff cannot prevail on a claim of negligent violation of the FCRA.

**THIRTEENTH DEFENSE**
**(No Punitive Damages)**

Any award of punitive damages against Synchrony would violate Synchrony's due process rights under the Constitution of the United States of America and the Constitution of California. Synchrony incorporates by reference all standards limiting the determination and enforceability of punitive damages awards that arose in the decisions of *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## FOURTEENTH DEFENSE
### (Speculative / Uncertain Damages)

Plaintiff's damages are speculative and not capable of being determined with reasonable certainty, thus precluding any basis for recovery.

## FIFTEENTH DEFENSE
### (Arbitration)

Some or all of Plaintiff's claims may be subject to arbitration in accordance with the terms and conditions of the account(s), and Synchrony reserves the right to compel arbitration pursuant to the terms and conditions of the applicable contractual agreements and/or account terms and conditions.

## SIXTEENTH DEFENSE
### (Set-off and/or Recoupment)

Plaintiff's damages, if any, are barred to the extent Synchrony is entitled to set-off and/or recoupment for amounts owed by Plaintiff to Synchrony.

## SEVENTEENTH DEFENSE
### (Standing)

To the extent Plaintiff is unable to prove actual concrete harm as a result of Synchrony's alleged violations of FCRA, Plaintiff lacks standing to pursue a FCRA claim. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2206 (2021).

## ADDITIONAL AFFIRMATIVE DEFENSES

Synchrony has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Synchrony expressly reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

- 28 -

**WHEREFORE**, Synchrony prays that:

1.      The Complaint be dismissed in its entirety without leave to amend and that Plaintiff take nothing by reason thereof;

2.      Synchrony be awarded its costs of suit incurred herein;

3.      Synchrony be awarded its attorneys' fees to the extent provided by law;

4.      Judgment be entered in favor of Synchrony;

5.      Synchrony be granted such other relief as the Court deems just and proper.


Dated:  March 25, 2024                    Respectfully Submitted,

                                          /s/ *Mark D. Quist*
                                          Mark D. Quist (Bar No. 1552500)
                                          **REED SMITH LLP**
                                          1301 K Street, N.W.
                                          Suite 1000, East Tower
                                          Washington, DC 20005
                                          Telephone: +1 202 414 9184
                                          Facsimile: +1 202 414 9299
                                          Email: mquist@reedsmith.com
                                          *Attorney for Defendant Synchrony Bank*

- 29 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to any parties or counsel of record registered with the CM/ECF system.


/s/ *Mark D. Quist*
*Mark D. Quist*